Scott J. Sagaria (SBN 217981)
Elliot W. Gale (SBN 263326)
Joe Angelo (SBN 268542)
SAGARIA LAW, P.C.
2033 Gateway Pl., 5th Floor
San Jose, CA 95110
Telephone: (408) 279-2288
Facsimile: (408) 297-2299

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARLENE HARNDEN,<br><br>             Plaintiff,<br><br>   v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., et. al.,<br><br>             Defendants. | Case No.: 5:16-cv-00549-LHK<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:       April 27, 2016<br>Time:      2:00 p.m.<br>Ctrm.:     8, 4th Floor |

The parties hereby jointly submit this Joint Case Management Statement pursuant to the Standing Order for All Judges of the Northern District of California dated November 1, 2014, Civil Local Rule 16-9 and the Clerk's Notice Setting Case Management Conference entered on March 4, 2016.

**1.      JURISDICTION AND SERVICE.**

The parties agree that this Court has subject matter jurisdiction over the asserted claims based upon the alleged violation of a federal statute, namely, the federal Fair Credit Reporting Act, codified at 15 U.S.C. §§ 1681, *et. seq*. ("FCRA").  Jurisdiction for pendant state law claims arises under 28 U.S.C. § 1367.  No issues exist regarding personal jurisdiction or venue.

## 2. FACTS.

### a) **Plaintiff**:

Plaintiff alleges that Defendants violated the FCRA, the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code section 1785.1 *et seq*. ("CCRAA") and section 17200 of the California Business and Professions Code ("UCL claim") by "reporting misleading and or inaccurate balances or past due balances owed on the account and or listed the account as transferred and or charged off rather than discharged in bankruptcy" as well as failing "to conduct a reasonable investigation." Complaint ("Complt."), ¶¶ 1, 6-7 and 10 - 11.

According to the Complaint, on November 29, 2012, Plaintiff filed for Chapter 13 Bankruptcy *Id*., ¶ 5 and subsequently received confirmation of his chapter 13 plan of financial reorganization.

On November 10, 2015 Plaintiff obtained a copy of her credit report and "noticed several tradelines all reporting misleading and inaccurate balances, past due balances, and monthly payment owd on the account and listing of the account as open and refinanced rather than included in Bankruptcy.." *Id*., ¶¶ 6-7. Plaintiff then disputed the "inaccurate tradelines" with Equifax, Experian, and Trans Union and believes that Equifax, Experian, and Trans Union subsequently sent notification to each of the Defendants that Plaintiff was disputing the accuracy of what they were reporting. *Id*., ¶¶ 8-9.

### b) **Equifax, Inc.:**

Plaintiff has settled with Equifax, Inc. and is finalizing the terms of the settlement.

### c) **Experian Information Solutions, Inc.:**

Experian is a "consumer credit reporting agency" as that term is defined by the FCRA. Experian essentially functions as a storehouse of credit information concerning hundreds of millions of consumers nationwide, collecting and storing credit information originated by others. Experian does not generate credit information itself, nor does it make loans, decide who should receive credit, or set loan terms.

Neither the FCRA nor the CCRAA are a strict liability statute and do not require Experian to maintain error free credit reporting.  Rather, Experian must maintain and follow reasonable procedures to assure the maximum possible accuracy of the information it reports on consumers.  In recognizing that no credit reporting system can be error free, Congress specifically provided consumers with the ability to contact credit reporting agencies to dispute information appearing on their credit disclosures.  In many instances, Experian's procedures to ensure the maximum possible accuracy of the information it reports requires notice from a consumer to alert Experian of a potential inaccuracy.

At all times relevant to this case, Experian maintained and followed reasonable procedures to assure maximum possible accuracy with respect to the information contained in Plaintiff's credit file.  Experian further conducted a reasonable reinvestigation into any disputed information by Plaintiff.  Accordingly, Experian has no liability in this case under the FCRA and CCRAA, and denies all liability to Plaintiff for any alleged damages.

      **d)**      **HSBC Bank USA, National Association:**

HSBC denies reporting misleading information in any way. HSBC denies that it failed to conduct a reasonable investigation at any time. HSBC denies that Plaintiff has suffered damage in any form as a result of any conduct by HSBC.

      **e)**      **Portfolio America Asset Management, LLC.:**

Plaintiff has settled with Portfolio America and anticipates filing a stipulation to dismiss within 30 days.

      **f)**      **Capital One, National Association:**

Plaintiff and Capital One Bank (USA), N.A. ("Capital One"), erroneously sued as "Capital One, National Association," reached a settlement at the global mediation that occurred on March 21, 2016.  A Notice of Settlement was filed in this regard on April 6, 2016.  (ECF No. 27.)  The parties are finalizing the settlement agreement and anticipate filing a stipulation to dismiss Capital One with prejudice within 30 days.

      **g)**      **Meriwest Credit Union:**

**3.    LEGAL ISSUES.**

Plaintiff's Complaint alleges violations of the FCRA, the CCRAA and a UCL claim. The key legal issues at this time are listed below.

    **i.**      Whether any of Defendants' alleged actions violate the FCRA, the CCRAA, or Section 17200;

    **ii.**     Whether Plaintiff's UCL and CCRAA claims are preempted by federal law;

    **iii.**    Whether Defendants conducted a reasonable investigation in response to a dispute from Plaintiff to the credit reporting agencies in compliance with the FCRA;

    **iv.**    Whether Defendants failed to modify, delete, or block credit reporting information that was allegedly inaccurate;

    **v.**     Whether, for purposes of the FCRA and the CCRAA, Plaintiff's account is accurately reporting;

    **vi.**    Whether Defendants furnished crediting reporting information about Plaintiff to the credit reporting agencies that they knew or should have known was incomplete or inaccurate in violation of the CCRAA;

    **vii.**   Whether Defendants engaged in any conduct which was unlawful, unfair, or fraudulent under section 17200; and

    **viii.**  Whether Plaintiff is entitled to any damages.

**4.    MOTIONS.**

None are pending.

**5.    AMENDMENT OF PLEADINGS.**

Plaintiff does not expect to add parties or amend the complaint at this point in the proceeding. Plaintiff previously filed an amended complaint to include Capital One, N.A.

**6.    EVIDENCE PRESERVATION.**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have taken reasonable and proportionate steps to preserve evidence

relevant to the issues reasonably evident in this action.

**7.     DISCLOSURES.**

The parties have agreed to exchange Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a) on or before May 18, 2016.

**8.     DISCOVERY.**

The parties have not propounded written discovery requests nor noticed any depositions.

A proposed discovery plan pursuant to Federal Rule of Civil Procedure Rule 26(f) is as follows:

   i.    **Initial Disclosures**. The parties will complete their initial disclosures on or before May 18, 2016.

   ii.   **Timing and Subjects of Discovery**.  The parties agree it is unnecessary to conduct discovery in phases or be limited or focused on particular issues.  The parties believe that a fact discovery completion deadline of December 30, 2016 is appropriate.  The parties anticipate propounding requests for production of documents, requests for admissions, and interrogatories, as well as taking depositions as necessary. The parties agree to abide by the limitations on discovery set forth in the Federal Rules of Civil Procedure.

   iii.  **Discovery of Electronically Stored Information**. The parties agree that discovery should be produced in an accessible, secure, and convenient manner. Defendants and Plaintiff agree that they will discuss production of ESI if and when discovery of ESI is triggered.

   iv.   **Claims of Privilege or Protection**.  As documents at issue may relate to confidential, trade secret, and/or commercially sensitive information, the parties propose that the Court enter a protective order in this matter, in a form to be mutually agreed to by the parties and presented to the Court.

    **v.**    **Limitations on Discovery**. The parties do not propose any changes to the limitations on discovery imposed by the Federal Rules of Civil Procedure and the Local Rules of this Court.

    **vi.**    **Other Orders**. None at this time.

**9.  CLASS ACTIONS.**

This is not a class action.

**10.  RELATED CASES.**

The parties know of no cases in this district or another that have been deemed related.

**11.  RELIEF.**

Plaintiff's Complaint seeks preliminary and permanent injunctive relief, statutory and actual damages, punitive damages and attorneys' fees and costs.

Experian does not allege any damages at this time but reserves the right to do so, and will provide a computation of each category of damages to the extent Experian exercises that right as a supplement to these disclosures.  Further, Experian denies all liability to Plaintiff for any alleged damages

**12.  SETTLEMENT AND ADR.**

Plaintiff is discussing settlement with the remaining Defendants.

**13.  CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES.**

The parties did not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

**14.  OTHER REFERENCES.**

The case is not suitable for reference to binding arbitration or a special master.

**15.  NARROWING OF ISSUES.**

At present, the parties are not prepared to enter into any binding stipulations or present a joint motion to the Court on any material matter.

**16.  EXPEDITED TRIAL PROCEDURE.**

The parties agree this is not the type of case that should be handled under the Expedited Trial Procedure of General Order No. 64.

**17. SCHEDULING.**

The parties propose the following schedule:

- **Expert Designations**: All expert disclosures required by Federal Rule of Civil Procedure 26(a)(2) shall be served on all parties on or before **December 4, 2016**. Any contradictory or rebuttal information shall be disclosed on or before **January 2, 2017**.
- **Discovery Cutoff**: All discovery, including expert discovery, shall be completed by all Parties on or before **January 30, 2017**.
- **Dispositive Motions**: All dispositive motions shall be heard on or before **February 28, 2017**.
- Pretrial Conference **April 9, 2017.**
- Trial Date: **May 8, 2017.**

**18. TRIAL.**

Plaintiff has requested a jury trial. Plaintiff estimates that the matter will take one full court days to try, inclusive of jury selection and closing argument.

**19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS.**

a) **Plaintiff:** None.

b) **Experian:**

Experian filed its Certification of Interested Parties or Entities with the Court, as required by Civil Local Rule 3-15. Experian restates the contents of its certification as follows:

Pursuant to Civil Local Rule 3-15, Experian certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in the subject matter or in a party that could be substantially affected by the outcome of this proceeding:

JOINT CASE MANAGEMENT CONFERENCE STATEMENT


   1. Parent Companies:  The ultimate parent company of Experian is Experian plc.

   2. Subsidiaries Not Wholly Owned:  The following companies are the US based subsidiaries of Experian plc that are not wholly owned:

  (a) Central Source LLC

  (b) Online Data Exchange LLC

  (c) New Management Services LLC

  (d) VantageScore Solutions LLC

  (e) Opt-Out Services LLC

   3. Publicly Held Companies:  Experian plc owns 100 percent of Experian. Experian plc is a Jersey registered company which is publicly traded on the London Stock Exchange.

**c) Equifax, Inc.:**

Equifax, Inc. filed a Certificate of Interested Entities or Persons.  The Certificate provides as follows:  Equifax, Inc. is a publicly traded company on the New York Stock Exchange.  It has no parent corporation or other corporation owning more than 10% of its stock.

**d) HSBC:**

HSBC BANK USA, N.A., is a wholly-owned subsidiary of HSBC USA, Inc., which is a wholly owned subsidiary of HSBC North America Holdings, Inc., which is indirectly owned by HSBC Holdings plc, a United Kingdom corporation. HSBC Holdings plc shares are traded in the United States as American Depository Shares on the New York Stock Exchange. Additionally, preferred shares and debt securities of various HSBC, Household International, Inc., Household Finance Corporation and Beneficial Corporation entities are also publicly traded in the United States.

**20. PROFESSIONAL CONDUCT.**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.   OTHER.**

None at this time.

DATED: April 20, 2016     **Jones Day**

By: */s/ Kelsey Israel-Trummel*
      Kelsey Israel-Trummel
Attorney for Defendant
Experian Information Solutions, Inc.

DATED: April 20, 2016     **Nokes & Quinn**

By: */s/ Thomas P. Quinn*
      Thomas P. Quinn
Attorney for Defendant
Equifax, Inc.

DATED: April 20, 2016     **Katten Muchin Rosenman LLP**

By: */s/ Austin T. Beardsley*
      Austin T. Beardsley
Attorney for Defendant
HSBC Bank USA, National Association

DATED: April 20, 2016     **Doll Amir & Eley LLP**

By: */s/ Chelsea Diaz*
      Chelsea Diaz
Attorney for Defendant
Capital One Bank (USA), N.A.

DATED: April 20, 2016     **Sagaria Law, P.C.**

By: */s/ Elliot Gale*
      Elliot Gale

Attorney for Plaintiff

CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated: _____, 2016

United States District Judge Lucy H. Koh